IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JIMMY IVY, #80666**                                                                                  **PLAINTIFF**

**VERSUS**                                                                        **CAUSE NO.  3:14-CV-177-HTW-LRA**

**TYEASHA EVANS, CHRISTOPHER EPPS,**
**AND WARDEN UNKNOWN OVALLE**                                          **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  *Pro se* Plaintiff Jimmy Ivy is incarcerated with the Mississippi Department of Corrections (MDOC), and he brings this Complaint pursuant to Title 42 U.S.C. § 1983.  The named Defendants are Tyeasha Evans, Contract Monitor for MDOC; Christopher Epps, Commissioner of MDOC; and Unknown Ovalle, Warden at East Mississippi Correctional Facility (EMCF).  The Court has considered and liberally construed the pleadings.  As set forth below, this case is dismissed.

**I.  Background**

Ivy claims that on October 12, 2013, his visitor at EMCF, Ms. Stewart, was subjected to harassment and unnecessary searches at the direction of Warden Ovalle.  Ivy complains that he was denied visitation with Ms. Stewart that day because she listed herself as his sister on her application when she is actually a friend.  Ivy states that this discrepancy was later straightened out and he was allowed to visit with Ms. Stewart on November 9, 2013.  Thereafter, prison officials determined that Ms. Stewart would be "banned" from visitation with Ivy until November 25, 2099, for falsifying documents.  *See* ARP Response [doc. 1-2].  Ivy complains that the loss of his visitation privileges with Ms. Stewart violates his constitutional rights and the decision making process itself was a violation of MDOC policy and procedure.  As relief, Ivy seeks reinstatement of his visitation privileges with Ms. Stewart and monetary damages.

**II. Discussion**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Ivy to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under § 1915 (e)(2).

In order to have a viable claim under Title 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). Ivy claims his constitutional rights were violated when his visitation privileges with Ms. Stewart were discontinued. The Fifth Circuit has repeatedly held that a prisoner does not have an absolute right to visitation and visitation privileges are subject to the discretion of prison officials. *See Samford v. Dretke*, 562 F.3d 674, 682 (5th Cir. 2009)(holding the removal of prisoner's sons from the approved visitors list did not violate his constitutional rights); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)("Berry has no constitutional right to visitation privileges."); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988)(holding prisoners do not have a constitutional right to contact visits); *Thorne v. Jones*, 765 F.2d 1270, 1273 (5th Cir. 1985)(holding prisoner had no absolute right to visits from his parents); *Lynott v. Henderson*, 610 F.2d 340, 342 (5th Cir. 1980)(holding that "convicted prisoners have no absolute constitutional right to visitation");

*McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975)("Visitation privileges are a matter subject to the discretion of prison officials."). Prison officials have determined that Ivy may not have visits from Ms. Stewart. This decision does not amount to the deprivation of a constitutional right, therefore, Ivy is not entitled to relief from this Court.

Likewise, to the extent Ivy asserts claims regarding the treatment of Ms. Stewart at the prison on October 12, 2013, he is not entitled to relief. Constitutional rights are personal in nature and Ivy cannot assert claims on behalf of Ms. Stewart. *Coon v. Ledbetter*, 780 F. 2d 1158, 1160 (5th Cir. 1986).

Furthermore, Ivy is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by the restriction of his visitation with Ms. Stewart and by the lack of a favorable response to his grievances. These allegations, without more, simply do not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).

**III. Conclusion**

As explained above, Ivy's loss of visitation privileges with Ms. Stewart does not amount to a constitutional deprivation. Therefore, this case is dismissed with prejudice as frivolous and for failure to state a claim, pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). *See Berry*, 192 F.3d at 508 (finding district court properly dismissed inmate's § 1983 claim based on denial of visitation as both frivolous and for failure to state a claim).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[1]  If Ivy receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 30th day of April, 2014.

> s/ HENRY T. WINGATE
> UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."